

ENTERED
04/18/2013

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| RAPID-TORC INC. | § | CASE NO. 12-39217-H5-11 |
| | § | |
| DEBTOR | § | |

### ORDER APPROVING SALE OF ASSETS FREE AND CLEAR OF
### LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES UNDER 11 U.S.C. § 363

The Court has considered the *Emergency Motion To Approve Sale of Assets Free and Clear of Liens, Claims, Interests and Encumbrances Under 11 U.S.C. § 363* [Docket No. 78] (the "Motion") filed by Rapid-Torc, Inc., Debtor and Debtor in Possession herein ("Debtor" or "RTI"). Based on the law and facts alleged in the Motion, the evidence and arguments of counsel presented at the hearing, and the entire record in this bankruptcy case, the Court finds that the relief requested in the Motion is in the best interests of the bankruptcy estate and its creditors, and therefore should be granted.

ACCORDINGLY, IT IS FOUND AND DETERMINED:

#### Jurisdiction and Venue

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in the Court under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are 11 U.S.C. §§ 105(a) and 363. The Motion is governed procedurally by Federal Rule of Bankruptcy Procedure 6004.

#### Notice

C. As evidenced by the certificate of service filed with the Court, and based on the representations of counsel at the hearing, proper and timely notice of the Motion and the hearing on the Motion has been provided to all parties entitled to notice in compliance with the applicable provisions of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules and orders of the Court. Such notice constitutes good and sufficient notice under the particular circumstances. No other notice need be given for the granting of the relief requested in the Motion or entry of this order (the "Order"). A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

## The Sale

D. After extensive negotiation, RTI entered into an Asset Purchase Agreement, dated March 6, 2013, by and among RTI, Bolting Consulting LLC, a Delaware limited liability company, Rapid-Torc S.A., a Belgium corporation, and Atlas Copco Tools and Assembly Systems LLC, a Delaware limited liability company ("US Buyer"), Atlas Copco Tools Central Europe GmbH, a company existing under the laws of Germany, and Atlas Copco Industrial Technique AB, a company existing under the laws of Sweden ("IP Buyer," together with the US Buyer, "Atlas"), as amended by a First Amendment to Asset Purchase Agreement, dated as of March 14, 2013 and the Second Amendment to Asset Purchase Agreement, dated April 18, 2013 (the "APA"), ~~excerpts of which were attached to the Motion and a copy of which was made available to all parties requesting same;~~ whereby Atlas desires to purchase the assets of RTI described therein (see Schedule A to the APA and the schedules incorporated by reference therein) other than the Excluded Assets (as defined in the APA and more specifically set forth in Schedule B to the APA) (the "Debtor Assets"), for the cash price of $4,100,000. A true and correct copy of Schedule A and B of the APA are attached as Exhibit "A".

E. RTI has marketed the Debtor Assets and conducted the sale process of the Debtor Assets in a commercially reasonable manner.

F. Atlas has completed its due diligence and is ready to close the sale under the terms and conditions of the APA and this Order (the "Sale"). If the Sale is not closed by April 26, 2013, the APA may be terminated by Atlas or RTI, in accordance with its terms.

G. The purchase price for the Debtor Assets is cash in the amount of $4,100,000, to be held in the IOLTA Trust Account of Rogers & Anderson PLLC ("RTI Counsel") pending further order of the Court, which is an amount that will be sufficient to satisfy all of the claims (regardless of priority) against RTI that RTI listed in the schedules it filed with this Court or as reflected in any proofs of claim filed in the above-captioned case, all existing and anticipated administrative expenses. The secured creditors are listed on Exhibit C.

H. The APA was negotiated, proposed, and entered into by and between RTI and Atlas without collusion, in good faith, and from arm's length bargaining positions.

I. Atlas is a good faith purchaser in accordance with 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereunder. Absent a stay pending appeal, the Purchaser will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the Sale set forth in the APA.

J. The terms of the Sale and the price to be paid by Atlas for the Debtor Assets are fair and reasonable, valid, binding and enforceable, constitute the highest and best offer for the Debtor Assets, will provide a greater recovery for creditors than would be provided by any other practical available alternative; and constitute reasonably equivalent value and fair consideration for the Debtor Assets.

K. The Sale of the Debtor Assets is in the best interests of the bankruptcy estate, creditors,

and all parties in interest.

L.  Atlas would not have entered into the APA and will not consummate the purchase of the Debtor Assets if the Sale of the Debtor Assets was not free and clear of all liens, claims, interests and encumbrances (collectively, "Encumbrances").

M.  RTI is authorized to execute all documents necessary to consummate the Sale of the Debtor Assets.

N.  The closing of the Sale will not subject Atlas to any debts, liabilities, obligations, commitments, responsibilities, or claims of any kind or nature whatsoever, whether known or unknown, contingent or liquidated, or otherwise, existing as of the closing, of or against the RTI or any other person by reason of the transfer of the Debtor Assets, including liabilities on any theory of antitrust or successor or transferee liability other than the liabilities assumed under the *Order Vacating Prior Order Dated March 18, 2013 and Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases*.

**ACCORDINGLY, THE COURT ORDERS THAT:**

1.  The relief requested in the Motion is granted in its entirety.

2.  The Sale of the Debtor Assets to Atlas for the sum of $4,100,000 pursuant to the APA is approved.

3.  To the extent objections to the Motion or the relief requested therein have not been withdrawn, waived or settled, such objections and all reservations of right included therein are overruled on the merits.

4.  RTI and its officers are authorized and directed under 11 U.S.C. §§ 105(a) and 363 to perform all of the obligations of RTI under the APA and to execute such other documents and take such other actions that are reasonable necessary to effectuate the sale.

5.  At closing of the APA, the Debtor Assets shall be transferred to Atlas, free and clear of all encumbrances, regardless of whether such encumbrances are paid in full. The encumbrances related to the Debtor Assets, shall attach to the Sale proceeds with the same validity, enforceability, priority, and force and effect as they had against the Debtor Assets immediately prior to the Closing.

6.  The Sale of the Debtor Assets pursuant to this Order will vest the Purchaser with valid and indefeasible title to the Debtor Assets, and will be a legal, valid, and effective transfer of the Debtor Assets, free and clear of all Encumbrances.

7.  The consideration to be paid by Atlas for the Debtor Assets is fair and reasonable and may not be avoided under 11 U.S.C. § 363(n) or other applicable law.

8. Atlas shall have no responsibility for any liability or other obligation of RTI arising under or related to the Debtor Assets. Without limiting the generality of the foregoing, Atlas shall not be liable for any Claims against RTI or any of its predecessors or affiliates, and the Purchaser shall have no successor, transferee, or vicarious liabilities of any kind or character, whether known or unknown, now existing or hereafter arising, whether fixed or contingent, with respect to the RTI or any obligations of RTI arising before the Closing, including liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of RTI before the closing of the Sale. Under no circumstances shall Atlas be deemed a successor of or to RTI for any claim or Encumbrance against RTI or the Debtor Assets other than the liabilities assumed under the *Order Vacating Prior Order Dated March 18, 2013 and Authorizing Assumption and Assignment of Executory Contracts and Unexpired*

9. Any and all Sale proceeds obtained by RTI or its Bankruptcy Counsel in connection with the Sale pursuant to this Order, through the Letter of Credit or otherwise, shall be maintained by RTI's Bankruptcy Counsel, as the case may be, and not distributed until a further final and non-appealable order of this Court is issued confirming RTI's liquidating plan.* 

10. Absent a stay pending appeal, no person shall take any action to prevent, enjoin or otherwise interfere with consummation of the Sale of the Debtor Assets contemplated in or by this Order.

11. The terms of this Order shall be binding on and inure to the benefit of Atlas, RTI, all creditors and all other parties in interest, and any successors of such parties. In the absence of a stay pending appeal, and subject to the terms of the APA, Atlas and RTI may consummate the APA at any time after entry of this Order, as the Order will be effective immediately on its entry by the Court, notwithstanding Fed. R. Bankr. P. 6004(h) or other applicable law or procedural rules.

12. Pursuant to the terms of the Mediated Settlement noticed at Doc. #137, and contingent upon closing of the sale subject of this Order, US Buyer shall purchase from Dynamic Tools, Inc. the tools listed in the attachment to the Mediated Settlement for a total purchase price of $900,000 payable upon delivery.

13. To the extent the Asset Purchase Agreement conflicts with the Sale Order, the Sale Order shall control only as to the Debtor.

14. The Debtor and any other party appointed by the court shall have access to the books and records purchased by US Buyer.

*Except for secured creditors which may be paid at any time.

4

DATED: **APR 1 8 2013**

HONORABLE KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE

Exhibits A + C are part of this order.